Judge Underwood
delivered the opinion of the Court.
Outen filed his bill against William W. Graves and John Graves, alleging that he pur1' chased from John a note on William for $868, bear *630 ing date the 8th of October, 1817, payable one yea#thereafter, negotiable in the United States Brand.*. Bank in Lexington, signed by said William, and endorsed by said John ; that about the time the note-became due, W. W. Graves applied for indulgence, which Outen agreed to give, provided a new note was executed, and John Graves would become bound, for the amount thereof as a joint obligor ; that the endorsed note was left with - Headington for renewal, and that W. W. Graves, taking advantage -of the failure of Headington’s eyesight, fraudulently imposed upon him anew note signed by himself alone and took up the old note endorsed by John Graves. The new note was sent by Headington to Outen, who, discovering that John Graves had not signed it, went to see Wm. W. and John Graves on the subject. Outen charges, that Wm. W. Graves promised to go the ensuing morning to John Graves and to get him to become the surety in the new note, which he took back from Outen, and that said William said that he had destroyed the old note, and could not return it to Outen as he requested. Outenconcludes his bill by alleging, that the Graves iefused to give a new note, and that Wm. W. Graves was insolvent: wherefore, he prayed a decree against them for the amount of the first-note &c.
Previous to the passage of the statute of 1819,A executed a note, and B endorsed it with a view to obtain for A the loan of c”aml c°m loaned the money to A rat^oTiriter-3 est on the faith of the note,decided, that, it aptransac* tion was an" usurious loan N was void°, and and B ab-*0 c for the money loaned by lum to
*630 Wm. W. and John Graves both deny that there was a sale of the note by John to Outen. They insist that the transaction was usurious, and John Graves resists a liability to Outen on that ground. Wm. W. Graves, in his answer, says that Outen loaned him $700 only, and took the note for $868, endorsed by John Graves, to secure the sum loaned, including therein usurious interest at the rate of two per cent, per month. Wm. W. Graves exhibits the note endorsed by John Graves, and avers, that he paid it off in the hands of Headington.
We are fully satisfied, upon an examination of the record, that the transaction was an usurious loan of money, by Outen, to Wm. W. Graves. The original note, having been executed prior to tlie passage of the act of 1819 concerning usury, was void. Consequently, John Graves, as well as Wm. W., were *631 both absolved from the payment of that note. Wc cannot look upon the deposition of Samuel Owens, filed for the purpose of proving that the money was paid to John Graves, and thereby to sustain the allegations of the bill which assert that it was a purcilase of Wm. W. Graves’ note from John, in any other light than that of a forgery. Samuel Owens proves that he never gave any such deposition. That its contents are false is abundantly shewn by other evidence, even if it had been genuine. As there is no proof that John Graves ever executed a new note for the demand since the passage of the act of 1819, it follows that the court correctly dismissed the complainant’s bill so far as it related to John Graves. •
The new note executed by Wm. W. Graves, ac•eording to the testimony of Headington, was executed before the passage of the act of 1819, and, being no more than a renewal of the old note, was also void on account of usury. We cannot, therefore, perceive any ground upon which the decree against Wm. W. Graves can be sustained. It is unnecessa ry to consider the question presented in respect to the-payment of the note originally given, and which is exhibited in the answer of Wm. W. Graves. Nor is it important to determine, whether there be any sufficient evidence to establish the fact that Wm. W. Graves ever executed a new note. The usury vitiates the whole transaction, and interposes an insuperable barrier to the granting any relief. Upon a superficial examination of the record, when the application for a supersedeas was made, we were disposed to doubt whether the evidence was sufficient to justify the opinion, that the transaction was usurious, and, therefore,' a supersedeas was awarded in favor of Outen, but those doubts have been removed upon investigation. It results that the circuit court erred in entering a decree against Wm. W. Graves.
Wherefore, the decree on the writ of error, prosecuted by Graves, must be reversed, and the cause remanded, with directions to dismiss the complainant’s bill, with costs.
Ihggin, for Outen ; Chinn, for Graves.
There is no ground for reversal on Outen’s writ of error. Graves must recover costs on both writs of error.